# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>  v.<br><br>AUDREY KING, et al.,<br><br>    Defendants. | 1:14-cv-01412-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM (ECF No. 1)<br><br>FOURTEEN-DAY DEADLINE |

### Findings and Recommendations

Plaintiff Gregory Ell Shehee ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on September 10, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.     Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.    Discussion**

Plaintiff is seeking to appeal an order of the Fresno County Superior Court sustaining the demurrer, without leave to amend, of Plaintiff's first amended complaint against Defendants King and Maylin in Shehee v. California Nonprofit Benefit Inc., et al., Superior Court Case No. 12 CECG03919 (Court of Appeal, Fifth Appellate District Case No. F069009). Plaintiff also appears to seek review of the California Supreme Court's denial of his petition for review.

A federal district court may not exercise appellate jurisdiction over a state court final judgment. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The district court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine because Plaintiff's section 1983 action amounts to a de facto appeal of a state court judgment. Noel v. Hall, 341 F.3d 1148, 1163-64 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court.").

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief can be granted. The deficiencies at issue are not curable through amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

1 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
2 within the specified time may result in the waiver of the "right to challenge the magistrate's
3 factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
4 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).
5 IT IS SO ORDERED.

Dated: **February 11, 2015**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE